# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBEN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6415 | **DATE** | November 19, 2007 |
| **CASE TITLE** | Samuel Franklin (K-60141) v. D Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court orders the trust fund officer to deduct $10.26 from plaintiff's account for payment to the clerk of court as an initial partial filing fee. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The court dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint. If plaintiff does not timely comply with this order, this case shall be dismissed. However, plaintiff will still be responsible for paying the filing fee. The clerk shall send plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]                                                                                         Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of 10.26. The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    Plaintiff brings this *pro se* action pursuant to 42 U.S.C. §1983.  He alleges that on October 26, 2006, while he was detained at Cook County Jail, another inmate stabbed him in his left eye.  Plaintiff filed a grievance and asked if he could press charges.  No one asked him about pressing charges, so plaintiff filed another grievance on September 7, 2007.  An investigator came to see plaintiff and told him there was nothing she could do because the inmate had been shipped out of the building and that the State's Attorney's Office had told her that the case was a misdemeanor because the ink pen he was stabbed with was not a weapon.  Plaintiff claims that nonetheless he received five stitches which has left a permanent scar.  Plaintiff claims that his protection rights were violated and he seeks $300,000 in damages.

    Plaintiff has several problems with his complaint.  First, the court cannot tell from plaintiff's complaint if he is claiming that charges were not pressed against the inmate who stabbed him or if he is claiming that jail personnel failed to protect him from the assault.  If he is claiming that charges were not pressed, then he does not have a claim.  The Constitution is a charter of negative liberties; it "does not require the states to prosecute persons accused of wrongdoing." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Neither jail personnel nor the state's attorney were under any constitutional obligation to press charges against the inmate.  However, jail personnel do have a constitutional obligation to protect inmates from assault by other inmates.  If this is the claim plaintiff is trying to make, then he needs to submit an amended complaint naming the jail personnel who allegedly failed to protect him from the assault.  Second, the Cook County Department of Corrections is not a suable entity. *See, e.g., Gray v. City of Chicago*, 159 F. Supp. 1086, 1088 (N.D. Ill. 2001).  If plaintiff wishes to amend, then he should drop the Cook County Department of Corrections as a defendant, and as noted earlier, name as defendants the jail personnel who allegedly failed to protect him from the assault.

    The court accordingly dismisses the complaint without prejudice.  Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this court.  Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent.  Plaintiff is advised to keep a copy for his files.  The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original).  If plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.  If plaintiff does not timely comply with this order, this case shall be dismissed.  However, plaintiff will still be responsible for paying the filing fee.